UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62403-CIV-COHN-SELTZER

The Hallmark of Hollywood
Condominium Association, Inc.,

    Plaintiff,

v.

QBE Insurance Corporation,

    Defendant.

_____/

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DEFENDANT'S FACT WITNESS ROBERT A. SANSONE**

**COMES NOW**, Plaintiff, THE HALLMARK OF HOLLYWOOD CONDOMINIUM ASSOCIATION, INC. ("HALLMARK"), by and through its undersigned counsel, hereby files this Motion *in Limine* to Exclude Testimony of Defendant's Fact Witness Robert A. Sansone and, in support thereof, states as follows:

**RELEVANT FACTS**

1.    HALLMARK suffered damages as a result of a water loss on or about December 15, 2005.

2.    At the time of the loss to HALLMARK'S property, HALLMARK was insured by QBE INSURANCE CORPORATION ("QBE") under commercial property insurance policy QF2309-09.

3.    HALLMARK timely reported the loss and submitted the claim for damages to QBE pursuant to the terms and conditions of the policy.

4. In response, QBE commenced a prolonged investigation that lasted years.

5. When HALLMARK had not received any payment for the damages sustained almost five years after the loss, it was forced to file suit on or about November 15, 2010.

6. On or about January 24, 2011, QBE filed its Rule 26 Disclosures.

7. In the Rule 26 Disclosures, QBE named thirty-four (34) individuals or entities likely to have discoverable information that QBE may use to support its claims or defenses.

8. Based upon the witnesses disclosed by QBE, HALLMARK scheduled and conducted depositions.

9. However, in QBE'S Witness List dated July 22, 2011, filed after the deadline for conducting discovery had passed, QBE disclosed its intention to call a previously undisclosed witness to testify at trial, Robert A. Sansone.

10. QBE never previously disclosed its intention to call Robert A. Sansone, nor has QBE ever previously brought to HALLMARK'S attention that Robert A. Sansone may have personal knowledge and information relating to this claim. As such, HALLMARK was given no opportunity to depose this witness and HALLMARK will be prejudiced if this witness is permitted to testify at trial as his testimony would constitute unfair surprise and would frustrate trial preparation.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(a)(1) requires each party, without awaiting a discovery request, to disclose the names of all persons having discoverable information that the disclosing party may use to support its claims and defenses. *Stewart v. Hooters of*

*Am.*, 2007 WL 3528685 at *2 (M.D. Fla. 2007). This disclosure "must include [the] name, address and telephone number of each witness, separately identifying those whom the party expects to present, and those whom the party may call if need arises." *Id*. Untimely disclosure by either party "is prejudicial to the other party because it constitutes an unfair surprise, and also frustrates trial preparation," and can lead to sanctions by the Court. *Id*. A party that fails to satisfy the disclosure requirements is prohibited from using the undisclosed witness at trial, at a hearing, or on a motion, unless the failure is harmless. *Cooley v. Great Southern Wood Preserving*, 138 Fed. Appx. 149, 161 (11th Cir. 2005).

In reviewing whether to strike testimony from an undisclosed witness, the Court considers "(1) the importance of the testimony, (2) the reasons for the appellant's failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Id*.

HALLMARK'S motion to exclude testimony elicited from Robert A. Sansone should be granted due to QBE'S blatant failure to disclose a purported material witness in violation of Rule 26. Due to the fact that QBE has only recently disclosed this witness, HALLMARK is unable to comment on the importance of the testimony or the reasons for QBE'S failure to disclose the witness earlier. However, based on the fact that HALLMARK first learned of this witness on July 22, 2011, a mere twenty-four (24) days before trial, HALLMARK has been substantially prejudiced in being prevented from deposing this individual and cannot adequately prepare for his testimony at trial.

In addition, parties have a duty to supplement all disclosures and discovery responses. *Licciardi v. TIG Ins. Group*, 140 F.3d 357, 363 (1st Cir. 1998). Pursuant to

Rule 26(e), a party must supplement its interrogatory responses, as well as its Rule 26 disclosures if it learns that in some material respect the information disclosed is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process. *Id*. "This supplementation requirement increases the quality and fairness of the trial by narrowing [the] issues and eliminat[ing] surprise." *Id*.

Here, HALLMARK served interrogatories to QBE on or about March 3, 2011, HALLMARK'S Fourth Interrogatory requests:

> **State the name, address, telephone number and title of each person(s) who had any role, whatsoever, in working or on adjusting the insurance claim(s) of HALLMARK, located at 3800 South Ocean Drive, Hollywood, Broward County, Florida, giving a brief description of their responsibilities regarding this matter. This interrogatory seeks the name of every employee of QBE who had anything to do with the claim, including the adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee. State the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts.**

In response to this interrogatory, QBE responded as follows:

> **Andrew Bertucci, AIC**
> **Senior Claims representative**
> **Florida Intracoastal Underwriters, Ltd.**
> **1600 Sawgrass Corporate Parkway, Suite 200**
> **Sunrise, FL 33322**
>
>
> **Steve Davis**
> **Independent Adjuster**
> **Burton Claims Services, Inc.**
> **2941 Cypress Creek Road, Suite 101**

4

       **Fort Lauderdale, FL 33309**

       **Tom Wareham**
       **Wareham Construction**
       **10277 NW 46th Street**
       **Sunrise, FL 33351**

       **Randy Horn**
       **Certified Flooring Inspector**
       **Floor Eyes Inspection Co., Inc.**
       **P.O. Box # 15216**
       **Plantation, FL 33318**

No where in QBE'S response to the fourth interrogatory, or in any of its interrogatory answers for that matter, does QBE reference Robert A. Sansone as a witness with any knowledge regarding the claim.

      Federal Rules of Civil Procedure 37(c) states that a party who fails to disclose information in accordance with Rule 26(a) "shall not, unless such failure is harmless, be permitted to use as evidence at a trial…any witness…not so disclosed." This sanction is "automatic and mandatory" unless the party can show the violation was "either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

      In this instance, QBE neither listed Robert A. Sansone in its initial disclosures under Rule 26(a), nor attempted to supplement its disclosures with this information under Rule 26(e). Furthermore, QBE did not list Robert A. Sansone as a potential witness in any of its interrogatory responses, and did not attempt to supplement these answers at any time. Allowing QBE to elicit testimony from Robert A. Sansone at trial would be highly unfair and prejudicial in that HALLMARK has been deprived of the opportunity to depose this witness or learn the substance of his testimony. Therefore, HALLMARK has no ability to adequately prepare to cross-examine or impeach Robert A. Sansone as necessary.

**WHEREFORE**, the Plaintiff, THE HALLMARK OF HOLLYWOOD CONDOMINIUM ASSOCIATION, INC. respectfully requests the Court:

A.  Grant Plaintiff's Motion *in Limine* to exclude testimony of Robert A. Sansone.;

B.  Enter an order precluding Defendant from eliciting testimony from Robert A. Sansone;

C.  Grant any other and further relief that this Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH SOURTHERN DISTRICT OF FLORIDA UNDER LOCAL RULE 7.1(A)(3)(a)

Counsel for HALLMARK certifies that they have conferred in a good faith effort to resolve and/or narrow the issues raised in this motion, and have been unable to do so.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Maria Fuxa, Esquire, William S. Berk, Esquire, Evelyn M. Merchant, Esquire, Berk, Merchant & Sims, PLC, 2 Alhambra Plaza, Suite 700, Coral Gables, Florida 33134.

Respectfully submitted,

*/s/   William F. Merlin Jr.* _____
**WILLIAM F. MERLIN, JR., ESQUIRE**
Florida Bar No.: 364721
cmerlin@merlinlawgroup.com
**SEAN M. SHAW, ESQUIRE**
Florida Bar No.:  0690988
sshaw@merlinlawgroup.com
**JEAN F. NIVEN, ESQUIRE**
Florida Bar No.: 407607
jniven@merlinlawgroup.com

>
> **DOUGLAS L. GROSE**
> Florida Bar No.: 173673
> dgrose@merlinlawgroup.com
> **MERLIN LAW GROUP, P.A.**
> 777 S. Harbour Island Blvd
> Suite  950
> Tampa, FL  33602
> Telephone:  (813) 229-1000
> Facsimile:   (813) 229-3692
> *Attorneys for Plaintiff*